UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON MCCLELLAN,

    Plaintiff,

v.                                                CASE NO. 3:15-cv-915-J-34JBT

RICHARD WARREN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency, which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis* ("Motion") (Doc. 5) and his Civil Rights Complaint Form ("Amended Complaint") (Doc. 11). For the reasons set forth herein, the undersigned respectfully recommends that the Motion be **DENIED** and the case be **DISMISSED** for lack of subject matter jurisdiction.

**I.    Background**

In his initial Complaint, Plaintiff brought a single claim against Defendant for

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

"Conversion of Property." (Doc. 1 at 1.) The Court took the Motion under advisement and ordered Plaintiff to file an amended complaint because the initial Complaint failed to sufficiently allege subject matter jurisdiction as required by Federal Rule of Civil Procedure 8(a). (Doc. 6 at 3.) Additionally, the Court explained:

> [I]t appears that there may be no basis for jurisdiction in this case. The Complaint, which attempts to allege only a single claim for conversion of personal property, provides no basis for statutory or federal question jurisdiction. Therefore, it appears that Plaintiff must sufficiently allege diversity jurisdiction to avoid dismissal of this action. . . .
>
> Although the Complaint is silent as to the citizenships of the parties, it provides Florida addresses for both Plaintiff and Defendant. Though not necessarily determinative of citizenship, based on this information, the Court is skeptical of Plaintiff's ability to plausibly allege diversity jurisdiction.

(*Id.* at 3–4) (footnote omitted).

Plaintiff then filed a "Civil Rights Complaint Form" (Doc. 11), which the Court construes as an Amended Complaint, alleging the following causes of action against Defendant: "14th Amendment, United States, Constitution: Deprived Without Just Compensation of Property, Conversion of Property." (*Id.* at 5.) The Amended Complaint seeks the following relief: "Individual Compacity [sic] and Compensation - in the Amount of $187,950.00 dollars, for Personal Property that was sold by Defendant Warren."[2] (*Id.* at 7.)

---

[2] Plaintiff also requests the appointment of counsel. (Doc. 11 at 7.)

**II.     Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.*

Pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Further, courts should not dismiss a complaint for failure to state a claim, pursuant to Section 1915(e)(2)(B)(ii), "without allowing leave to amend when required by Fed. R. Civ. P. 15." *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III. Analysis

Although more details are included, the Amended Complaint alleges the same general facts regarding Defendant's alleged conversion of Plaintiff's personal property. (*See* Docs. 1 & 11.) Specifically, according to the Amended Complaint, Defendant rented a bedroom from Plaintiff's mother, who was in possession of Plaintiff's personal property while Plaintiff was incarcerated. (Doc. 11 at 5.)[3] Plaintiff's mother passed away and Defendant sold Plaintiff's property without his permission. (*Id.* at 6–10.) Plaintiff now seeks to recover $187,950.00, the estimated value of the subject property, from Defendant. (*Id.* at 6–7, 12.)

As set forth above, the Court previously explained that because Plaintiff "attempts to allege only a single claim for conversion of personal property [and]

---

[3] Plaintiff is still incarcerated at this time. (*See* Doc. 11.)

provides no basis for statutory or federal question jurisdiction," "it appears that Plaintiff must sufficiently allege diversity jurisdiction to avoid dismissal of this action." (Doc. 6 at 3.) Therefore, the Court directed Plaintiff to file an amended complaint which, "if possible, sufficiently alleges jurisdiction." (*Id.* at 4.)

As explained below, Plaintiff has not attempted to sufficiently allege diversity jurisdiction in the Amended Complaint. Rather, it appears that Plaintiff now seeks to allege federal question jurisdiction by attempting to bring a constitutional claim for deprivation of property without just compensation, as well as a state law claim for conversion of personal property, against Defendant. (Doc. 11 at 5.) However, because both claims are based on the same facts, it appears that Plaintiff has simply added a constitutional label to his conversion claim. Nevertheless, the undersigned will address each claim separately.

### A. Constitutional Claim

Plaintiff alleges that he was deprived of property without just compensation in violation of the Fourteenth Amendment. (*Id.*) Therefore, it appears that he is attempting to allege a constitutional claim against Defendant pursuant to 42 U.S.C. § 1983. However, Plaintiff has not sufficiently alleged that Defendant constitutes a State actor for purposes of section 1983.

"To obtain relief under § 1983, [Plaintiff] must show that he was deprived of a federal right by a person acting under color of state law." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). As explained by the Eleventh Circuit:

> Only in rare circumstances can a private party be viewed as a [S]tate actor for section 1983 purposes. Indeed, to hold that private parties . . . are State actors, this court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[] ("nexus/joint action test").

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (some quotations and citations omitted). The Amended Complaint fails to allege that Defendant was a State actor for purposes of section 1983, and it does not plausibly allege any facts that would satisfy any of the aforementioned tests. Moreover, it does not appear that Plaintiff can plausibly allege any such facts. Therefore, the undersigned recommends that Plaintiff's constitutional claim against Defendant be dismissed for lack of subject matter jurisdiction.

## B.     State Law Conversion Claim

Plaintiff also attempts to allege a state law claim for conversion of property. (Doc. 11 at 5.) Because the undersigned recommends dismissal of Plaintiff's constitutional claim, Plaintiff must sufficiently allege diversity jurisdiction in order for the Court to have subject matter jurisdiction over this claim. However, the Amended Complaint fails to sufficiently allege diversity jurisdiction.

Diversity jurisdiction generally requires that "the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." *See* 28 U.S.C. §1332(a). "[P]laintiffs, as the party asserting diversity jurisdiction, have the burden to affirmatively allege facts demonstrating the existence of jurisdiction." *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) (quotations omitted). "Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Plaintiff has not sufficiently alleged his or Defendant's citizenship. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to domicile for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (internal quotation marks and citations omitted).

Like the initial Complaint, the Amended Complaint contains only the addresses of Plaintiff and Defendant (Doc. 1 at 5, Doc. 11 at 3), which the Court has already explained is insufficient to establish the citizenship of either party. (Doc. 6 at 3–4.) Therefore, Plaintiff has failed to sufficiently allege that the parties are diverse from one another as required to establish diversity jurisdiction. Moreover,

because Plaintiff made no attempt to cure this deficiency and instead attempted to establish federal question jurisdiction in the Amended Complaint, it does not appear that Plaintiff can plausibly allege diversity jurisdiction. Therefore, the undersigned recommends that Plaintiff's conversion claim be dismissed for lack of subject matter jurisdiction.

### IV. Conclusion

Plaintiff was previously warned that if he failed to "file a proper amended complaint as directed in [the Court's previous] Order, the undersigned will likely recommend that the District Judge dismiss this case for lack of subject matter jurisdiction, want of prosecution, or other appropriate ground(s)." (*Id.* at 4–5.) However, the Amended Complaint fails to cure the deficiencies specified in the Court's previous Order and is otherwise deficient as explained herein.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 5**) be **DENIED**.

2. The case be **DISMISSED** for lack of subject matter jurisdiction.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on December 8, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff